CASE 5—INDICTMENT—DECEMBER 9.

# Johnson vs. Commonwealth.

APPEAL FROM THE CLARKE CIRCUIT COURT.

1 On an indictment for misdemeanor, the defendant may be tried in his absence, and may, by counsel, put in any plea, save that of *guilty*. This right cannot be taken from him by requiring bail for his appearance. (*Crim. Code, secs.* 172, 173, 184, 185, 156, 158.)

2. The object of bail in misdemeanor is simply to secure compliance with the judgment when rendered.

JOHN M. HARLAN, Attorney General, for Commonwealth.

JUDGE WILLIAMS DELIVERED THE OPINION OF THE COURT:

Johnson, being indicted for keeping a "tippling-house," was required to give bail for his appearance to answer the charge, on the first day of the ensuing term of the court, and "at all times to hold himself amenable to the orders and process of said court in the prosecution of said charge; and, if convicted, will render himself in execution thereof."

When the case was called for trial he was not present; but his counsel responded, and offered to file a plea of not guilty, which was refused by the court, and a judgment for sixty dollars rendered by default; to reverse which he prosecutes this appeal.

Section 172, Criminal Code, designates three pleas—guilty, not guilty, and former conviction or acquittal.

Section 173 declares that the plea of guilty can only be put in by the defendant in open court.

Section 184 requires the presence of the defendant in indictments for felony.

Section 185 provides that if the indictment is for a misdemeanor, the trial may be had in the absence of the defendant.

By section 156 "arraignment shall only be made in indictments for felony."

Section 158 provides, that "upon call of the indictment, if there is no arraignment, the defendant must either move to set aside the indictment or plead thereto."

As the presence of the defendant on the trial of misdemeanors is not required in court, it is hard to perceive any reason why he should be there at the filing of the plea of not guilty, especially as this plea need not to be verified; but as the defendant's presence is required to put in a plea of guilty, the implication is very strong that he need not be there to put in a plea of not guilty.

These various provisions clearly secure to the defendant the right of trial without being present, and, by necessary implication, the right to put in any plea, save that of guilty. His pleas may be put in, and defense conducted by counsel, without his presence; and this right cannot be taken from him by requiring bail.

The object of bail in misdemeanors is simply to secure compliance with the judgment when rendered, and such is the express undertaking in this recognizance.

Wherefore, the judgment is reversed, with directions to the court below to permit the plea of not guilty to be put in.