CHIEF JUSTICE PETERS
delivered the opinion of the court:
In January, 1860, one H. H. Dickens, then being a bona fide housekeeper, with a family in Simpson county, sold the horse which is the subject of this litigation, and which was the only horse he then owned, to the appellee. Dickens, after the sale, retained the possession of the horse, and removed to the county of Allen, taking him with him; and, while making preparations to remove to the State of Tennessee, as the evidence tends to show, and after he had sold off some of his furniture and packed up the residue thereof, Bradburn, a constable of Allen county, levied several executions in favor of appellants *111 and others, then in his hands, against said Dickens, on the said horse, as his property, and sold him. Appellee claimed the horse under his previous purchase from Dickens, and demanded him of the constable, after he had levied said executions upon and taken him into possession; but he and the plaintiffs in said executions insisting that the horse was subject to levy and sale in satisfaction of said debts, did sell him, and this action was brought by Wade for the value of the horse; and a verdict and judgment having been rendered in his favor, the defendants below have appealed to this court.
On the trial some six instructions were asked by appellants, all of which were refused except the sixth, and that one was qualified by the court; and in lieu of those refused, he gave two, with which appellants were not satisfied, and excepted to the several opinions and rulings of the court in refusing the instructions as asked by them, and in giving the two submitted to the jury in the form they were given. And the main questions presented by this appeal are, whether the rulings of the court, on the subject of said instructions, were erroneous.
It is certainly the settled doctrine of this State that, where there is an absolute sale of movable property, if the possession does not accompany the title, the sale as to creditors and subsequent purchasers is fraudulent in law and void; but, as between the parties to the transaction, it is valid and binding.
That this horse, at the time Dickens sold him to Wade, was the only horse or work beast he owned, and he was then a bona ficle housekeeper with a family, are facts not controverted. Consequently, at that time, under the exemption law of the State, the horse was not subject to levy and sale; the creditors of Dickens could not have subjected him to the payment of their debts; and, by *112 the sale to Wade, even if the possession remained with Dickens, they were not injured. The only horse and work beast a housekeeper has in possession cannot give him a delusive credit, because the thing possessed is not liable to the payment of existing or subsequently created debts; and it cannot be said that an individual can acquire credit by the possession of property not subject to the payment of debts. The proposition carries with it its own refutation.
But if it be conceded that the sale to Wade was constructively fraudulent, and the title for all the purposes of appellants remained in Dickens, still the horse was not subject to their debts while Dickens continued to be a housekeeper with a family, in good faith; and whether he was or not, was a fact properly submitted to the jury.
That he was such when the constable levied the executions on the horse, cannot be doubted. An avowed intention on his part to remove, and a packing up for that purpose, did not deprive him of the character of housekeeper; nor would he cease to be such while in transitu from one place to another any more than an intention to remove would deprive a man of his residence or domicile.
How a sale of property by a debtor which is not liable to his debts, and which his creditors cannot reach, can be fraudulent as to them, is difficult to perceive.
As the instructions given by the court below accord with our views of the law, and those refused by him do not, we perceive no error on that branch of the case.
As between Dickens and Wade, as before observed, the. sale was valid, and creditors having no right to inteiwene, for the reasons stated, no error is perceived prejudicial to appellants.
Wherefore, the judgment is affirmed.