### AKINS v. STRADLEY ET AL.

1. **Jurisdiction: BANKRUPTCY: FRAUD.** The jurisdiction of the Federal court in bankruptcy matters is exclusive, and the State courts have no power, for fraud or any other cause, to interfere with or set aside a sale of the property of a bankrupt made by his assignee.

*Appeal from Howard Circuit Court.*

THURSDAY, JUNE 12.

ACTION in chancery. A demurrer to the petition was sustained, and thereupon a decree was entered dismissing the bill. Plaintiff appeals. The facts of the case appear in the opinion.

*L. Bullis,* for appellant.

*Foreman & Marsh,* for appellee.

BECK, CH. J.—I. The petition alleges that the estate of William Bones, deceased, is indebted to plaintiff in a large sum, which has been duly allowed by the proper court of probate, and that the estate is nearly insolvent, not being capable of paying more than ten per centum upon the debts proved against it. It is shown that Bones was a member of two co-partnerships at the time of his death, both of which were, in proper proceedings in the United States court, declared bankrupts, and the property of the firms was, under the proceedings, seized and appropriated to the payment of the firm debts. The bankrupt proceedings have been terminated, and the assignee discharged. It is charged that a large amount of accounts came into the hands of the assignee which, in the language of the petition, "were attempted to be sold and disposed of" by the assignee to the defendants in this action. But it is charged that this sale was fraudulent for the reason that the defendants entered into an unlawful combination to prevent competition, which they succeeded in accomplishing.

The particular fraudulent acts and agreement of the defendants are set out in the petition. They need not be more particularly recited here.

It is alleged that plaintiff and other creditors of Bones, for whose benefit this suit is prosecuted, are entitled to recover the value of the goods in excess of the sum realized upon the assignee's sale. The relief prayed for in the petition is that the assignee's sale be cancelled and set aside for fraud; that an accounting be had, and defendants be adjudged to pay to plaintiff the proceeds of said accounts sold after deducting the amount paid upon their purchase of the assignee.

II. We are of the opinion that the demurrer to the petition was correctly sustained. The bankrupt proceedings, 1. JURISDIC- being prosecuted in the United States court, were TION: bank- ruptcy: fraud. in a separate and independent jurisdiction. In those proceedings the property in question was seized for the purpose of applying its proceeds to the debts of the bankrupt. The property came into the custody of the court. It was disposed of by the officers of the court under the provisions of the Statutes of the United States. The assignee, as an officer of the United States court, was subject to the authority of that court alone. He could not have been required to give an account of his actions in the discharge of his official duties to any other court, neither could any State court direct his acts. If his acts in the sale of the property were irregular or fraudulent, the bankrupt court, having the proceedings before it, was alone clothed with authority to set aside the sale for irregularity or fraud. The parties interested had their only remedy in the bankrupt court. Upon this point we think there can be no dispute.

Upon the final disposition of the bankrupt proceedings, in our opinion, the State courts would not acquire jurisdiction to question the regularity and validity of the acts of the United States court and of its officers. The Federal court was clothed with authority to set aside the sale for the causes alleged in the petition. The jurisdiction of that court in the

matter, as in all bankruptcy proceedings, is exclusive. No reason can be given for holding that after final judgment in the bankrupt court the State court acquired jurisdiction it did not before possess.

III. It is argued that as the sale was fraudulent it may be assailed in any court; that fraud may be shown at all times and in all courts to defeat claims of right based thereon. But it will be remarked that this case involves the regularity and sufficiency of a sale made in a judicial proceeding in an independent jurisdiction, and the issue of fraud involves inquiries into the sufficiency of such proceeding. This consideration, we think, is a sufficient answer to the position of plaintiff just stated.

IV. It is also urged that neither plaintiff nor defendants were parties to the proceedings in the bankrupt court, and, therefore, the plaintiff, as against defendants, could not have questioned in that court the sufficiency of the sale. We think that plaintiff could have had a remedy in that court, and by instituting proper proceedings could have made himself a party in such a sense as to authorize him to bring in question the regularity of the sale. The defendants having been purchasers at the sale would have been bound to respond to proceedings instituted by plaintiff.

We reach the conclusion that the Circuit Court correctly ruled in sustaining the demurrer to plaintiff's petition.

AFFIRMED.