CASE 60—BAIL-BOND—FEBRUARY 15, 1881.

# Walker & Hubbard v. The Commonwealth.

### APPEAL FROM OHIO CRIMINAL COURT.

1. The verbal statement of the judge as to the effect of the failure of the grand jury to indict the accused at the first term has no legal significance.
2. Accused failed to appear at the first term in discharge of the bail-bond, and under the 93d section, Criminal Code, it was the duty of the court to direct that the fact be entered of record, and thereupon his bond was, as a matter of law, forfeited.
3. His trial and conviction afterwards did not affect the forfeiture of the bond.

WALKER & HUBBARD FOR APPELLANT.

1. The indictment should have been quashed.  (Gen. Stat., 712, 896.) It was error to render judgment on the bail-bond.  It was discharged by the failure of the grand jury to indict accused at the first term of court after its execution.
2. The bond was forfeited before trial, and judgment rendered thereon afterwards.  In a misdemeanor accused can appear by counsel.  (9 Dana, 304; 1 Duv., 26; 3 Ib., 84; 1 Ib., 244; Ib., 235.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The accused was arrested, tried, and held to bail for a misdemeanor, and executed bond before the examining court, with appellants as his sureties, for his appearance at the next term thereafter in the criminal court, which came in October, 1876.

Walker & Hubbard v. The Commonwealth.

No indictment was found at that term, and the court, on motion of the commonwealth's attorney, made during the term, after inspection of the minutes of the examining court and the proceedings of the grand jury thereon, and allowing the county judge before whom the bond was taken to attest it, ordered the charge to be again submitted to another grand jury, and that the accused stand upon his bail given before the examining court.

The accused did not surrender himself to the custody of the court, nor does it appear where he was during any part of that term, or that his sureties made any effort to have the court to take charge of him.

They claim the judge verbally stated to them, upon the failure of the grand jury to indict the accused, that they were released from responsibility on the bond; but there is no order of court exonerating them from the bail.

At the succeeding April term the accused was indicted, and the prosecution set for hearing on a day during the term. It was called upon the day fixed for trial, and the accused failing to appear, his bond was forfeited.

The appellants having been summoned to answer the forfeiture at the following term, moved that the accused be tried before the disposition of the summons against them on the forfeiture.

Their motion was sustained, and the accused, only appearing by attorney, was tried and convicted.

Subsequent thereto a judgment was rendered on the forfeiture against appellants, who prosecute this appeal for its reversal.

The verbal statement made by the judge amounts to no more than an expression of his belief of the effect of the failure of the grand jury to indict the accused at the first

term, or of an intention to exonerate the appellants if a. motion to re-submit the case had not been made.

This certainly worked them no harm, as they do not: pretend that the accused had complied with his obligation to. be . present, or that they acted upon the statement of the judge, and caused the accused to depart or to fail to appear,. or placed him beyond their control.

It is, however, earnestly insisted that the court cannot forfeit the bond of a person accused of misdemeanor until. after trial and conviction, because the presence of the ac-- cused at the trial is not necessary, as it may take place in his absence, and in such case his attorneys may plead for- him.

We do not agree with this construction of the law gov-- erning the question, which is to be found in section 88 of Myers' Criminal Code, and section 93 of the Criminal Code of 1877, in this language:

"If the defendant fail to appear for trial or judgment, or at any other time when his presence in court may be law= fully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered on the record, and thereupon the bail-bond, or the money deposited in lieu of bail, is forfeited."

The conditions of the bond of the accused, which con- forms to the Code, are, that he should appear at the first term of the Ohio criminal court after his examining trial, to answer the charge, and to render himself amenable to. the orders and process of the court in the prosecution of the charge against him; and if convicted, render himself. in execution thereof.

The accused has not complied with a single condition of his bail-bond, and for his failure to perform any of its conditions his sureties became bound for its amount.

He did not appear at the first term of the criminal court.

When the time for hearing the trial came, the court ordered the accused to be called into its presence to stand his trial; but he failed to appear, although his presence in court was lawfully required.

And when he thus failed to appear for trial, the section of the Code quoted made it the court's duty to direct the fact to be entered on the record, and thereupon his bail was, as matter of law, forfeited.

Wherefore the judgment is affirmed.

Petition for rehearing overruled.