WALTER BIRD, ET AL. *v.* J. Z. MOORE.

[Abstract Kentucky Law Reporter, Vol. 7—94.]

**Jurisdiction of Common Pleas Court Over Action of Bankruptcy Court.**
　　The Common Pleas Court can not entertain a petition to hold the officers of the bankruptcy court liable for an alleged mistake in not passing upon a litigant's claim and making distribution to him. The claimant must secure his right in the bankruptcy court and if he loses such right by reason of his negligence he can make no complaint.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

May 7, 1885.

OPINION BY JUDGE PRYOR:

This petition was filed in the Jefferson Court of Common Pleas by the firm of John S. Okley & Co., or the surviving partner against J. W. Feryhan and J. Z. Moore alleging that one R. G. Moorman had gone into bankruptcy. The defendant Feryhan was his assignee and the defendant was regularly appointed and acting register in bankruptcy at the time. That appellant had a large claim against the bankrupt that was properly proven and filed with the assignee and that the register in bankrupting Moore failed to place said claim upon the dividend sheet showing the list of creditors and the assets of the bankrupt in order to have a proper and just distribution. That the assignee knowing that the claim had been properly proven and omitted from the list of creditors, nevertheless wilfully and knowingly paid out the entire assets to the other cred-

itors, and that Moore the register refused to place the firm on the list, and gave as a reason therefor to the appellants, that exceptions had been filed to the claim; that in fact, no exceptions had been filed, and appellants claim being fully established was lost by the negligence of the register in placing it on the list as the law required.

The assignee, Feryhan, was not served with process, and Moore, the register, appearing filed a demurrer to the petition that was sustained by the court below, and from the judgment dismissing the petition for want of jurisdiction this appeal is taken. When this action was instituted the claim of the creditors had not been established so as to entitle him to share in the distribution.

The dividend sheet is in effect the judgment distributing the assets between the creditors or determining the amount to which each is entitled, and the claim of appellant is solely against the register for the failure of the latter to place his claim on the dividend list. The bankrupt court must determine who is to share in the distribution of the bankrupt's effects and no other tribunal can exercise that jurisdiction. The right of property as between the assignee and a stranger to the bankrupt proceeding may be heard and determined in another and different jurisdiction than the bankrupt court, and where the latter tribunal has undertaken to administer the assets and assumed jurisdiction for that purpose, we can not well see how the Louisville Chancery Court or Common Pleas Court can be asked to say that the claim of A. or of B. was improperly allowed or disallowed, and to undertake such a determination would involve an adjustment of the entire estate of the bankrupt. The remedy of the creditors against the register is complete in the bankrupt court as against the creditors. The register may answer and deny that the claim was properly proven or action postponed upon it that exceptions might be filed, and if so the Court of Common Pleas in order to remedy the wrong complained of must exercise, it seems to us, a jurisdiction that belongs exclusively to the bankrupt court.

Why the creditor did not see that his share of the assets was properly assigned him does not appear. It can not be that the register is to be made the attorney of all claimants and responsible for a failure to have each claim listed in the judgment or decree of the dividend sheet that is made the basis of the judgment.

The creditor with the exercise of even the slightest diligence might have secured his claim, and avoided the necessity of relying on the statement of the register as to the condition of the record. His own laches have caused his loss and in viewing the register in the light of either a judicial or ministerial officer, he is not responsible.

The bankrupt court has not administered the assets properly and the Court of Common Pleas is asked to make the register responsible when the loss has been caused by the creditor's own neglect.

The register may have acted properly in not reporting the claim, and if not, his official conduct must be inquired into by the court having control of both the officer and the case out of which the complaint arises. The creditors must find relief, if entitled to any, in the bankrupt court. *Akin v. Stradley,* 51 Iowa 414, 1 N. W. 609.

Judgment below *affirmed.*

*J. S. Ray, for appellant.*

*A. P. Humphrey, for appellee.*