Case 109—INDICTMENT—February 18.

# Downs v. Commonwealth.

'92   605
131 · 685

APPEAL FROM NELSON CIRCUIT COURT

1. THE NEW CONSTITUTION, as signed and promulgated September 28, 1891, is to be treated in all its parts as the existing organic law of the State.
2. GRAND JURY.—Under the new Constitution an indictment found by a grand jury consisting of more than twelve persons is void.

GEO. S. FULTON for appellant.

Section 248 of the new Constitution, in so far as it provides that "a grand jury shall consist of twelve persons," requires no legislation to put it into operation, and is now the law of the State.

W. J. HENDRICK, Attorney General, NAT. W. HALSTEAD for appellee.

Section 248 of the new Constitution is not self-executing. (Endlich on Interpretation of Statutes, p. 711; Cooley, Const. Lim., 101; Story, Const., sec. 454.)

JUDGE LEWIS delivered the opinion of the court.

Appellant, having been convicted of a felony under an indictment found and returned by a grand jury empaneled and sworn at the October term, 1891, of the court in which he was tried, seeks reversal of the judgment rendered in pursuance of the verdict upon the only ground we need consider, that the grand jury was composed of sixteen persons, in violation of section 248 of the present constitution, as follows : " A grand jury shall consist of twelve persons, nine of whom concurring may find an indictment."

Decision of this case, submitted some time ago, has been suspended to await determination of Miller, &c., v. Johnson, &c., *ante*, p. 589, wherein was involved question of validity of the present constitution as signed and promulgated September 28, 1891, by the delegates in convention assembled. But as that case has been decided and that instrument held in the opinion delivered to be, as to all its parts, the existing organic law of the State, the section quoted must be now regarded, as from the date mentioned, the law controlling the number of persons required to constitute a grand jury. And as a person can not be legally tried and convicted of a public offense under an indictment found and returned by a grand jury illegally con-

stituted and empaneled, it necessarily results that the judgment in this case must be and is reversed and remanded with directions to set aside the verdict.