T. J. BOYD & COMPANY, Appellant, v. G. W. POTTLE, Defendant; F. S. CARR, Interpleader, Respondent.

St. Louis Court of Appeals, February 25, 1896.

PER CURIAM.

1. **Fraudulent Conveyances:** EXEMPT PROPERTY. *Held*, in the course of discussion, that a conveyance of property which is exempt from levy under execution and attachment can not be fraudulent, either actually or constructively, as to creditors.

BY BIGGS, J.

2. ———: SALES: REASONABLE TIME. But *held*, by BIGGS, J., that the sale in controversy in this cause was invalid as to the creditors of the vendor for the want of a delivery of the goods sold within a reasonable time, and that, the facts being undisputed, the lapse of such reasonable time appeared as a matter of law.

*Appeal from the Oregon Circuit Court.*—HON. W. N. EVANS, Judge.

·REVERSED AND REMANDED.

*J. H. Tribble* for appellant.

*Orchard & Hines* for respondent.

BIGGS, J.—The plaintiff sued the defendant, Pottle, by attachment. The writ was levied upon a lot of household goods. The respondent filed an interplea, claiming the goods. The issues were found for him both before the justice and in the circuit court, and the plaintiff, by successive appeals, has brought the matter here for review. The complaint here is that, under the conceded facts, the judgment on the interplea ought to have been for the plaintiff.

The respondent claims to have purchased the goods from Pottle on the fourth day of October, 1894, whicn purchase was evidenced by a bill of sale, of that date, signed by Pottle and his wife. It is admitted by the respondent that the goods remained in the possession of Pottle until the thirteenth day of November following. Pottle left on the night of the thirteenth, and the goods were seized the next morning under the plaintiff's writ. The respondent also admits that he did not attempt to take possession at any time, and he does not state definitely why he did not. However, it is fairly inferable from his testimony that it was understood between him and Pottle that the latter should have the privilege of repurchasing the goods, and that for that reason he was permitted to retain possession of them. It seems from the instructions given and refused, none of which were excepted to, that in the opinion of the trial judge a delivery was not necessary

to a valid sale of chattels. That is true as between the parties, but not so as to the creditors of the vendor, or subsequent purchasers from him. As to them the sale is fraudulent and void, unless possession accompanies it, or takes place within a reasonable time thereafter. Revised Statutes, 1889, section 5178. What is a reasonable time within the meaning of the statute is a question of law for the court where the facts are undisputed, but where there is conflicting testimony as to the intervention of a reasonable time, the question is one for the jury. *State v. Hellman*, 20 Mo. App. 304; *Stewart v. Nelson*, 79 Mo. 524. Here we have the unexplained fact, that Pottle retained possession of the goods for forty days, and during the time the respondent made no effort to get them; but, on the contrary, he tacitly admits that it was understood that Pottle was to retain the goods with the view of their repurchase. Under this evidence, it was the duty of the circuit court to declare the sale fraudulent as a matter of law.

We will therefore reverse the judgment and remand the cause. Judges ROMBAUER and BOND concur in the result.

### CONCURRING OPINION.

ROMBAUER, P. J.—Judge BOND and I concur in the result of the foregoing opinion, because the case was tried on an erroneous theory. The record is too meager in its recitals to state what disposition should finally be made of the case. The property levied on was household furniture, the value of which does not appear by the record, but which presumably is of less value than the amount exempt from attachment and execution by statute. Pottle, as far as the record shows, was the head of a family. Should it appear upon a retrial that the household furniture thus conveyed was

within the limit of the exemption, and that Pottle was not about to leave the state with an intent to change his domicile, judgment will have to be rendered for the interpleader again; because, as to property thus exempt, there can be neither actual nor constructive fraud as against creditors. *Megehe v. Draper*, 21 Mo. 510; *Duvall v. Rollins*, 71 N. C. 218, 221; *Vaughan v. Thompson*, 17 Ill. 78; *Anthony v. Wade*, 1 Bush, 110.