CASE 69.—PROSECUTION AGAINST GEORGE EHRLICH FOR MAINTAINING A COMMON NUISANCE.—January 29.

# Ehrlich v. Commonwealth

Appeal from Campbell Circuit Court.

C. W. YUNGBLUT, Circuit Judge.

Defendant convicted and appeals.—Reversed.

1. Criminal Law—Continuance—Grounds—Sickness of Accused.— Where the commonwealth permits accused at the first calling of his case to show without contradiction that he is too sick to be present or to manage his defense, he is entitled to a continuance so as to give him an opportunity to exercise his constitutional right of being present at the trial.

2. Criminal Law—Former Jeopardy.—One who has been punished for the offense of maintaining a poolroom at a designated place cannot be again prosecuted therefor.

3. Gaming—Trial—Instructions.—The instructions on a trial for maintaining a nuisance in a designated house by operating a poolroom therein should limit the conviction of accused to keeping a nuisance at the place designated in the indictment.

4. Criminal Law—Appeal—Questions Reviewable—Irregularities in the Impaneling of the Grand Jury.—Under Criminal Code Practice section 281, providing that the decisions of the court on motions to set aside an indictment shall not be subject to

Ehrlich v. Commonwealth.

exception, the court on appeal has no jurisdiction to reverse the ruling of the trial court on a motion to quash an indictment for irregularities in the impaneling of the grand jury.

(No brief in the record for appellee.)

C. L. RAISON and JOHN B. O'NEAL for appellant.

POINTS AND AUTHORITIES.

1. The requirements of the Criminal Code of Practice that the Clerk or Commonwealth Attorney shall read the indictment to the jury, and state to the jury the defendant's plea is mandatory. (Hendrickson v. Comth., 84 S. W. 954; Galloway v. Comth. 4 Ky. Law Rep. 720; Farris v. Comth, 111 Ky. 236; Criminal Code, sec. 219.

2. The court erred in overruling the demurrer of the defendant to the indictment. (Meadows v. Comth., 104 S. W. 954; Bishop Criminal Practice and Procedure, vol. 2, sec. 866.)

3. The court erred in overruling the motion of the defendant for a continuance, and in refusing to grant the continuance. (Harrod v. Hutchinson, 105 S. W. 365; Morgan v. Comth., 14 Bush 106.)

4. After jury commissioners have been appointed by the court or judge, and have been qualified and sworn, as required by law, and have performed their duty as required by law in the selection of grand and petit jurors and the wheel is not exhausted, but still contains from three to five hundred names of persons selected and who are qualified for jury service, the court or judge has no right to arbitrarily and without cause or a hearing remove the jury commissioners before their time of service has expired; and where the court or judge has undertaken to substitute other persons to act and perform the duties of jury commissioners, while the commissioners first appointed are still in office, and such persons designated by the judge, or court, undertake to select grand and petiti jurors, and the grand jurors selected by the said persons return an indictment against one for an alleged offense, they are an illegally constituted body, and any indictment found and returned by such alleged grand jury is void, and should be quashed on the motion of the person attempted to be indicted. (Ky. Stats., secs. 2241, 2242, 2243; Criminal Code, sec. 281; Criminal Code, sec. 159; Downs v. Comth., 92 Ky. 605; Criminal Code, sec. 340; Comth. v. Graddy, 4 Metcalf, 222; Haggard v. Comth., 79 Ky. 366; Comth. v. Smith, 10 Bush 476; Risner v. Comth. 95 Ky. 539; Curtis v. Comth., 66 S. W. 886.)

5. The court erred in sustaining the demurrer of the Commonwealth to the defendant's plea of former conviction. (Standard Oil Co. v. Comth., 91 S. W. 1127.)

6. The court erred in overruling the defendant's motion that the court direct the clerk to put in the jury box from which to draw the jury the nineteen names of persons summoned and who appeared for jury service and were accepted by the court before placing in the jury box the names of other persons and summoned to fill the panel, and that the names originally drawn, to-wit, the said nineteen, should be exhausted before any other names were placed in the jury box.

7. The court erred in permitting the Commonwealth attorney to read to the jury what purported to be the evidence of the witness Bleichner, before the grand jury, and ask the witness whether he made certain statements before the grand jury.

8. The court erred in permitting the witness Hardesty introduced by the Commonwealth to state to the jury that the defendant Ehrlich had a contract with the telephone company under which a telephone was put in for him at Huber's Garden.

9. The court erred in permitting the Commonwealth to introduce incompetent testimony before the jury by the witnesses Bleichner, Biltz, Respass, Birkett, and others, that Ehrlich the defendant, was connected with the operation of a pool room at Huber's Garden, on the west side of the Alexandria pike, at a time prior to the 20th of March, 1907, when the indictment in the case on trial charged defendant with the operation of a pool room between the 17th of February, 1908, and 20th of March, 1908. (Miller v. Comth., 13 Bush 731.)

10. The court erred in permitting the witness Duey to state that he worked for the defendant Ehrlich in a pool room at Huber's Garden prior to the 17th of February, 1907.

11. The court erred in giving the instruction No. 3, offered by the Commonwealth.

12. The court erred in refusing to give instructions 1, 2, 3, and 4, offered by the defendant. (Holloway v.| Comth., 74 Ky. 344.)

13. In a prosecution for a particular offense, evidence tending to show the defendant guilty of another distinct offense, disconnected with the crime charged, is inadmissible. (Flint v. Comth., 81 Ky. 186; Snapp v. Comth., 82 Ky. 182.)

OPINION OF THE COURT BY JUDGE BARKER—Reversing.

.The appellant, George Ehrlich, was indicted by the grand jury of Campbell county, charged with the offense of maintaining a common nuisance in a room or house owned and controlled by him, located on the east side of the Alexandria pike south of the corporation line of Newport. The nuisance complained of was the operation of a poolroom at the place designated in the indictment. The defendant moved to quash this indictment because of certain named irregularities in the formation of the panel. This motion was overruled. To the indictment a general demurrer was interposed, which was also overruled. The defendant then filed a plea of former conviction, to which a demurrer was sustained and the plea dismissed.

Upon the calling of the case for trial, counsel for the defendant filed their affidavit that their client was sick in bed and unable to attend the trial; and this affidavit was supported by the certificate, under oath, of a physician, to the effect that the defendant could not leave his bed, being confined thereto by a disease called gastritis. Having filed those affidavits, counsel moved for a continuance of the case, which was overruled. The court then entered a plea of not guilty for the defendant and proceeded with the trial, with the result that the defendant was found guilty as charged in the indictment, and his punishment fixed by a fine of $2,000. His motion for a new trial having been overruled, he is here on appeal.

It seems to us that the court erred in overruling defendant's motion for a continuance under the cir-

cumstances shown by an affidavit. It may have been true, as is suggested in the brief of the Attorney General, that the defendant did not desire to go on the stand as a witness in his own behalf; but he had a right to be present and to confront the witnesses against him, to hear their testimony, and to aid his counsel in the management of his defense. There was no suggestion on the part of the Commonwealth that Ehrlich was not really sick, or that he was acting in bad faith. If there had been, and the court had, as he did, overruled the motion for a continuance, we should have felt great reluctance in reversing the judgment of the trial court upon the merits of the motion. But when the Commonwealth permits a defendant, at the first calling of his case, to show without contradiction that he is too sick to be present or to manage his defense, then we think he is entitled to a continuance of the case, so as to give him an opportunity to exercise his constitutional right of being present at the trial, to confront the witnesses who accuse him, and to hear their testimony.

We are also of opinion that the court erred in sustaining the demurrer to the plea of former conviction. The plea seems to measure up to the requirements of the Code, and if, upon the trial of that issue, it should appear that he has been punished once before for the same offense with which he is charged now, then he is entitled to go acquit. Cawein v. Commonwealth, 110 Ky. 273, 61 S. W. 275, 22 Ky. Law Rep. 1734; Milburn Wagon Co. v. Commonwealth, 104 S. W. 323, 31 Ky. Law Rep. 937.

The trial court also erred in not limiting in his instruction the conviction of the defendant 'for keeping a nuisance at the place mentioned in the indictment. The instructions authorized the jury to con-

vict the defendant for keeping a poolroom anywhere in Campbell county, and there were no words limiting the inquiry to the specific place pointed out in the indictment. We do not decide, now, that this error would alone authorize a reversal of the case; but as there is to be another trial, the court will correct the instruction as indicated.

The court correctly overruled the motion to quash the indictment for irregularities in the impaneling of the grand jury. Under section 281, Cr. Code Prac., we have no jurisdiction to reverse the ruling of the trial court upon a motion to quash an indictment. The case of Downs v. Commonwealth, 92 Ky. 605, 13 Ky. Law Rep. 820, 18 S. W. 526, does not militate against this view. There the grand jury was composed of 16 persons, instead of 12, as required by section 248 of the Constitution. The court held that the paper returned by such a body was no indictment at all.

In conclusion, we are of opinion that the court committed no errors other than those pointed out.

For the reasons given, the judgment is reversed for further proceedings consistent with this opinion.