## Moore v. Commonwealth.

(Decided May 23, 1924.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Criminal Law—Trial in Absence Only Where Failure to Appear is Voluntary.—In misdemeanor case defendant may be tried in his absence only when his failure to appear and defend is voluntary

and amounts to a waiver of his right to be present, in view of Criminal Code of Practice, section 184; Constitution, section 11.

2.   Criminal Law—Reversal Ordered Where Continuance was Denied to Defendant Who Desired to be Present and was Prevented from Doing so.—A reversal must be ordered in any case where it appears continuance was denied to a defendant who desired to be present and was unavoidably prevented from doing so, though trial court has broad discretion in granting continuances.

3.   Criminal Law—Affidavits of Police Officers Cannot Outweigh Affidavit of Reputable Physician that Accused Unable to Attend Trial.—Affidavits of police officers, on motion for continuance, that they believed defendant was feigning illness, held not to outweigh affidavit of reputable physician that upon examination he found him to be suffering from serious heart trouble.

A. W. DORSEY for appellant.

FRANK E. DAUGHERTY, Attorney General, and GARDNER K. BYERS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

This is an appeal from a judgment convicting the appellant of unlawfully possessing intoxicating liquors, and fixing his punishment at a fine of $300.00 and confinement in jail for 60 days.

The principal error relied upon for reversal is, the refusal of the trial court to grant a continuance.

When the case was first called for trial, January 24, 1924, counsel for defendant moved for a continuance, and in support thereof filed affidavits of defendant's physician and sister, which are the same in substance. The former reads:

"This is to certify that I have been treating Howard Moore since the 22nd of January and have just examined him this 24th of January, 1924, and find upon exam. that it would be impossible for him to attend court for several days. He has a mitral regurgitation of the heart due to an attack of lagrippe of which he has not recovered.

"Respectfully, J. B. SHACKLETTE, M. D."

The next day the Commonwealth filed the following affidavit:

"Affiants, S. C. Carman and Luther Lisle, state that they are police officers of the city of Louisville and as such at the instance and request of the Commonwealth's attorney's office, they both together

went to the residence of defendant in Highland Park, city of Louisville, immediately after motion for a continuance was made in the above styled case to investigate the alleged illness of defendant which was relied upon for a continuance in the above styled case. They state that upon their arrival at defendant's residence they observed defendant's wife, with whom they are both acquainted, looking at them through a front window, and some few minutes after they had knocked at the front door, which was closed, and during which time they heard a noise inside the house indicating chairs were being moved and other arrangements made to admit them, they were finally admitted to the house by defendant's wife and found the defendant in bed fully dressed with the exception of his coat and shoes, which he had removed.

"Affiants further state that from the foregoing facts and circumstances they have reasonable grounds to believe, and do believe, that defendant was only feigning illness and that he was not in bed at the time of their arrival at his home and that he hastily got in bed after their arrival there in order to strengthen his ground aforesaid for continuance of the trial of the above styled case.

"Affiants further state that this affidavit is made for the sole and only purpose of advising the court as to the true facts with reference to the motion of counsel for plaintiff for a continuance of this case.

"(Signed) S. C. CARMAN,
LUTHER LILE."

Thereupon the court overruled the motion for a continuance, defendant's counsel left the court room, and the case was tried in defendant's absence and without a plea of any kind for or by him.

While the defendant in a misdemeanor case may be tried in his absence (section 184, Criminal Code), he may not be denied the right guaranteed the accused in all criminal prosecutions, to be present and meet the witnesses face to face (section 11, Kentucky Constitution). Hence even in a misdemeanor case, the defendant may be tried in his absence only when his failure to appear and defend is voluntary, and therefore amounts to a waiver of his right to be present. Ehrlich v. Commonwealth, 131 Ky. 680, 115 S. W. 797; Veal v. Commonwealth, 162 Ky. 250, 172 S. W. 501.

It necessarily follows, then, that although the trial court ordinarily has a broad discretion in granting or refusing a continuance, with which this court is reluctant to interfere, a reversal must be ordered in any case where it appears that a continuance was denied to a defendant who desired to be present and was unavoidably prevented from doing so.

Where as here the evidence upon this question of fact is contradictory, the decision of the trial court is entitled to and will be accorded great weight, but in the case at bar we do not so regard the counter affidavits of police officers, that because of some suspicious circumstances they believe the defendant was feigning illness, sufficient to outweigh the affidavit of a reputable physician that upon examination he found him to be suffering from a serious heart trouble which rendered it impossible for him to attend court for several days.

We do not mean, of course, that the certificate of a physician is necessarily decisive upon such an examination, but we do mean and hold that such a certificate by a reputable physician may not be avoided by a contrary opinion of non-experts, where, as here, the facts from which their opinions are deduced are clearly inadequate to warrant them.

We are therefore of the opinion that, upon the evidence, the court erred in denying to the defendant a continuance and an opportunity to be present at his trial.

Other assignments of error are without merit, but for the refusal to grant the defendant a continuance the judgment is reversed, and the cause remanded for a new trial.