## Wallen v. Commonwealth.

(Decided September 30, 1924.)

### Appeal from Wayne Circuit Court.

1. Criminal Law—Trial in Defendant's Absence Because of His Imprisonment in Another County on Another Charge, is Error.—Under Constitution, section 11, court erred in denying defendant continuance on ground he was in jail for 10 days in another county for misdemeanor, and conviction in his absence will not be permitted to stand.

2. Criminal Law—Law Presumes Innocence Until Guilt Established by Legal Trial.—Law presumes one innocent of offense charged, until guilt is established by trial conducted according to provisions of Constitution.

3. Criminal Law—Motion for New Trial May be Made Last Day of Term.—Under Criminal Code of Practice, section 273, fact that motion for new trial was not made until last day of term, when case could not be tried again at that term, is not material.

BERTRAM & BERTRAM for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Appellant was indicted in the Wayne circuit court for the offense of unlawfully having intoxicating liquors in his possession. When the case was called for trial the defendant moved for a continuance upon the ground that he desired to be present at the trial and testify, but that he was prevented from being present by reason of being confined under a judgment of the Clinton circuit court in the case of the Commonwealth against him, charged with a misdemeanor. Clinton county adjoins Wayne and is in the same circuit court district. The defendant was serving a ten days' jail sentence in the Clinton circuit court, and for that reason could not be present

on the calling of the case in the Wayne circuit court. The court overruled the motion for a continuance and proceeded with a trial of the case in the defendant's absence. The defendant was found guilty and his punishment fixed at a fine of $100.00 and thirty days' imprisonment in jail. His motion for a new trial was overruled and he appeals.

Section 11 of the Constitution of the state, among other things, provides:

"In all criminal prosecutions the accused has the right to be heard by himself and counsel; to demand the nature and cause of the accusation against him; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor."

The right to be present at the trial and to meet the witnesses face to face has always been deemed one of the most valuable safeguards of the citizen. In Kirby v. Commonwealth, 1 Bush 114, it was held that if the Commonwealth by her own act prevented an appearance of the defendant in discharge of his recognizance, she certainly could not enforce the penalty for nonappearance. This decision is in accord with the great weight of authority. 3 R. C. L. 51. If, as stated in the authorities, when the state prevents the defendant from appearing by his arrest and imprisonment at another place the bail is discharged, we can not see how under the constitutional provision the state can proceed with the trial in the absence of the defendant, when his absence is brought about by the coercive act of the state.

To try him in his absence, under such circumstances, is plainly to deny him the right to be present at the trial or to meet the witnesses face to face. The fact that the defendant committed another offense in an adjoining county subjects him to punishment in that county for that offense, but the law presumes him innocent of the offense charged in Wayne county until his guilt is established by a trial conducted according to the provisions of the Constitution. He can not be denied a constitutional trial on the offense charged in Wayne county because he has committed another offense in Clinton county. The fact that he is guilty of another offense in another county is no reason for denying him a fair trial of the offense charged in Wayne county.

Under section 273 of the Code the motion for new trial may be made during the term. The fact that the mo-

tion for new trial was not made until the last day of the term when the case could not be tried again at that term is not material. The initial error was in trying the case in the defendant's absence. That was not waived, as the motion for a new trial was made in the time allowed by law.

Judgment reversed and cause remanded for a new trial.