## Barnett v. Russell, Judge, et al.

Jan. 23, 1945.

Leon J. Shaikun for petitioner.

Foster DeWees, Assistant City Attorney, for respondents.

OPINION OF THE COURT BY CHIEF JUSTICE TILFORD—Dismissing petition.

This action was instituted in this Court invoking its power, conferred by Section 110 of the Constitution

of Kentucky, to prohibit the judge pro tem. of the Louisville Police Court, the Clerk, the Chief of Police, and other officials from proceeding under an order of the Police Judge pro tem. entered on December 12, 1944, directing the issuance of a Bench Warrant for petitioner's arrest and a forfeiture of the bond executed by him on October 29, 1944, for his appearance to answer misdemeanor charges.

The foregoing facts appear in the petition which discloses that the order complained of was entered over the objection of petitioner's attorney who was present in Court on the day set for the trial, after several continuances, prepared to represent the petitioner following the overruling of his motion for a further continuance. The gravamen of the complaint is that since the Court had jurisdiction to try the case in petitioner's absence and petitioner had the right to be absent if represented by an attorney, his bond was not subject to forfeiture, and his arrest on the bench warrant would cause him irreparable injury, to prevent which, he had no remedy by appeal.

Since the Police Court was acting within its jurisdiction and there is no appeal provided by law from an order directing one's arrest on a bench warrant, it is proper for this Court to afford petitioner protection from such injury if the Police Judge erred in issuing the warrant (Potter et al. v. Gardner, Judge, 222 Ky. 487, 1 S. W. 2d 537); and the answer to this question depends upon whether a defendant charged with having committed a misdemeanor has the absolute right to refuse to attend his trial and be represented throughout it in his absence by his counsel as held by this Court in the case of Johnson v. Commonwealth, 1 Duv. 244, or whether we should overrule that decision and adopt the rule to be gathered from the opinions of the majority of the Courts to the effect that, although by Statute, a defendant charged with a misdemeanor may be tried in his absence, it is discretionary with the trial court whether to so proceed, and that an appearance by an attorney for such a defendant will not necessarily discharge the recognizance. See American Jurisprudence, Vol. 6, page 92, Section 112; State of Kansas v. Johnson et al., 82 Kan. 450, 108 P. 793, and the annotations accompanying it, 27 L. R. A., N. S., page 943; Walker and Hubbard v. Commonwealth, 79 Ky. 292, involving a somewhat different state of facts; and the Superior Court Abstract

of the case of Bond v. Commonwealth, 7 Ky. Law Rep. 94, which states what we conceive to be the proper rule in the following language:

"While the trial of a prosecution for a misdemeanor may proceed in the absence of the defendant, he is not entitled to demand by attorney that it shall proceed in his absence, and when a day has been fixed for his appearance consistent with the terms of the bail bond, and he fails to respond when called, an entry of the fact upon the record fixes the liability of the sureties in the bond."

Since the petitioner doubtless relied on our opinion in the case of Johnson v. Commonwealth, supra, as establishing his right to absent himself from the trial, and the temporary writ of prohibition granted by the writer of this opinion during vacation was issued on the authority of that decision, we deem it requisite that we should briefly summarize our reasons for overruling it.

A careful consideration of the subject has convinced us that Section 184 of the Criminal Code of Practice providing that the trial of one accused of a misdemeanor may be held in his absence was enacted, not for the convenience of the accused, but in order to make certain that the Commonwealth might not be delayed in the prosecution of those guilty of minor offenses as it is frequently delayed in the prosecution of felons by the provisions of Section 183 of the Criminal Code of Practice requiring their personal presence throughout the trial. The use of the word "may" in Section 184 is persuasive of the correctness of this conclusion, as is likewise the absence of any language conferring a right or privilege upon the accused to remain absent. He has the constitutional right to be present, and, notwithstanding the provisions of Section 184 of the Criminal Code of Practice, may not be tried in his absence unless his absence is voluntary. Moore v. Commonwealth, 203 Ky. 350, 262 S. W. 298. Though he has the right to be present and may waive it, it does not follow that he has the right to be absent in violation of his surety's undertaking that he would be present. It is true that in Johnson v. Commonwealth, supra, it was written that the object of bail in misdemeanor cases is simply to secure compliance with the judgment when rendered, but with this statement we likewise disagree. By the provisions of Section 82 of the Criminal Code of Practice one of the requirements of a bail bond is that it guarantee that the

accused shall appear in the designated court on the designated day to answer the charge and render himself at all times amenable to the orders and process of the court in the prosecution of the charge.

It may be argued on behalf of petitioner that since the accused cannot be compelled to testify and the court may proceed with the trial in his absence, he alone could be injured by his absence, but it is readily conceivable that in many cases the accused's presence might facilitate his identification by the Commonwealth's witnesses as the perpetrator of the offense. Furthermore, in cases such as here, where the accused, if guilty of the misdemeanors charged, might be imprisoned as well as fined, his absence at the time judgment is rendered might handicap the Commonwealth in enforcing the jail sentence. In any event, we would not be justified in restricting the power of the courts of the Commonwealth to enforce the criminal law, unless the protection of some substantial right of the citizen demanded such action.

Accordingly, respondents' special demurrer to the petition should be overruled, their general demurrer sustained, and the petition dismissed. It is so ordered.

Whole Court sitting.