## Robinson v. Commonwealth.

November 17, 1950.

J. S. Forester, Judge.

J. K. Beasley and W. E. Wall for appellant.

A. E. Funk, Attorney General, Wm. F. Simpson, Assistant Attorney General, for appellee.

VAN SANT, COMMISSIONER—Reversing.

Appellant was tried in his absence and convicted of having whiskey in his possession for sale in Local Option Territory and punishment fixed at a fine of $100.00 and confinement in the County Jail for a period of sixty (60) days. When the case was called for trial, appellant's attorney appeared and informed the court that on that

morning, and not before, he had learned that his client was ill and unable to attend court, and that he desired to be present in person to aid in the management of his defense; but, since appellant's attorney had learned these facts, he had not had time to prepare a motion for continuance and to secure affidavits in support thereof. He therefore moved the court to pass the case until 1:00 p. m. to give him an opportunity to make a formal showing. The court overruled the motion and immediately proceeded to try appellant in his absence. In due time a motion for a new trial was made and the error of the court in refusing to pass the case to permit a showing to be made and the error of the court in refusing a continuance were made grounds for a new trial. In support of the motion for a new trial an affidavit of appellant's physician was filed. This affidavit stated that appellant was confined to his home by illness on the date of the trial and had been so confined continuously for two weeks previous thereto; that the affiant regularly had visited his patient and had personal knowledge that appellant was physically "incapable" of attending court on the date of the trial. The motion for a new trial was overruled.

Had the showing which was made in support of the motion for a new trial been made before the trial, the court would have erred in overruling the motion for continuance and such error would have been prejudicial. Ehrlich v. Commonwealth, 131 Ky. 680, 115 S. W. 797. Justice demands that a defendant be accorded reasonable time to make a showing in respect to his substantial rights and in the circumstances presented by this record we are of the opinion that the court should have passed the case as requested, in order that a showing might have been made. In any event, when the showing was made and the statements contended in the affidavits were not controverted, the court abused its discretion in overruling the motion and in not granting a new trial.

The judgment is reversed for proceedings consistent with this opinion.