**J. K. BUTCHER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 11, 1955.

R. B. Harrington, Marvin D. Jones, Paintsville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STEWART, Chief Justice.

J. K. Butcher was indicted in the Johnson Circuit Court at the January term, 1953, for the offense of obstructing a roadway. Trial was set on the charge for April 29, 1953, at which time Butcher demurred to the indictment, but, without pass-

ing on the demurrer, the court continued the case until the September term, 1953, when, on motion of the Commonwealth's attorney, the indictment was quashed, the case was again referred to the grand jury and a substitute indictment was returned, accusing Butcher with substantially the same crime, namely, maintaining a nuisance by obstructing a roadway.

Butcher and his attorney were present when the case was called for trial on the second day of the September term, 1953, which was September 15, 1953, and although the order quashing the indictment and resubmitting the case on the occasion mentioned that the date of trial on the new indictment was October 5, 1953, the record does not disclose that the order was served on Butcher or his counsel or that either Butcher or his counsel was advised this was the date fixed for trial under the new indictment. On the contrary, according to their affidavits, which statements therein were not rebutted by the counter affidavit of the Commonwealth's attorney, both averred they were led to believe the case had been continued generally and would not be tried that term.

Butcher's counsel was in court on October 5, 1953, when he heard the case called for trial. He thereupon informed the special judge then sitting that Butcher, having gathered the impression the case had been passed until the next term, had gone to Louisville to attend a hearing before the Tax Review Board of the United States Revenue Department in order to resist payment of an income tax claim it was contended he owed. He further stated it was his understanding that Butcher would be absent from his home at least two days. The case was then set over for trial on October 7, 1953.

When the case was called on the last-mentioned date Butcher's counsel told the court that, although he had made an effort to do so, he had been unable to contact his client and apprize him concerning the date of the trial. The court nevertheless ordered the case tried. Butcher's counsel objected to a trial without the presence of Butcher and thereafter declined to participate in an way in the cause.

A jury was empaneled, the indictment was read and the jury was instructed they should find Butcher guilty as charged and fix his punishment at a fine not to exceed $5,000 or by imprisonment in the county jail not to exceed 12 months, or impose both, in their discretion. The jury returned a verdict of a fine of $500 and a sentence of 50 days in jail. Butcher moves for an appeal.

■ The controlling issue is whether Butcher was "wilfully absent" from the trial. One indicted for a misdemeanor may be tried in absentia, Section 184 of the Criminal Code of Practice, only when his failure to appear is voluntary and therefore amounts to a waiver of his right to be present. Veal v. Commonwealth, 162 Ky. 250, 172 S.W. 501; Ehrlich v. Commonwealth, 131 Ky. 680, 115 S.W. 797.

■ On the other hand, one charged with a misdemeanor may not be denied the right, guaranteed every accused in all criminal prosecutions, to be present in order "to be heard by himself and counsel; to demand the nature and cause of the accusation against him", and "to meet the witnesses face to face". See Section 11 of the Constitution of Kentucky; also Wallen v. Commonwealth, 204 Ky. 612, 264 S.W. 1106; Moore v. Commonwealth, 203 Ky. 350, 262 S.W. 298.

■ The case at bar is obviously not one where the accused attempted to delay a criminal prosecution by voluntarily absenting himself from court on the day his trial was set. We believe his and his counsel's affidavits clearly show both were without knowledge as to the date the case would be called for trial. It will be remembered their statement in this respect was not denied. A further manifestation of Butcher's good faith is borne out by his presence in court during the call of the case at the previous April term and also on the date it was set thereafter for trial during the September term.

In view of the evidence presented we are of the opinion that the lower court abused its discretion and, in addition, violated Butcher's constitutional rights in trying the case at bar in his absence.

Wherefore, the motion for an appeal is granted, the judgment is reversed and set aside and the case is remanded for a new trial.