Hersel FLEMING, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 27, 1955.

Appellant was indicted on July 12, 1954, for an offense charged to have been committed on July 10, 1954. Following his arrest, by an order of the Letcher Circuit Court made July 21, 1954, the indictment was set for trial on October 4, 1954, the first day of the subsequent term of court.

On the trial date, appellant was neither present in person nor represented by counsel. The matter was presented to a jury who found appellant guilty and fixed his punishment as above mentioned.

Appellant, upon learning of the trial, returned to Kentucky from his home in Clintwood, Virginia, and submitted himself to the court on October 11, 1954. He filed his motion and grounds for a new trial the next day, the eighth day of the term. The motion set forth that appellant had remained at home on the day of trial upon advice of his doctor. He filed his affidavit and the statement of his doctor. The affidavit set out that appellant was a resident of Virginia and lived about forty-five miles from Whitesburg, Kentucky, and that he was not absent from trial intentionally but upon order of his physician due to illness. The statement of Dr. N. C. Ratliffe, dated October 9, 1954, showed that he had advised appellant to remain at home in bed from October 2 to October 5, 1954, because of bronchitis. The affidavit and statement were not contradicted.

F. Byrd Hogg, Whitesburg, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MONTGOMERY, Judge.

Appellant, Hersel Fleming, was convicted of assault and battery and his punishment fixed at a fine of $200 and ninety days in jail. From this judgment, he has filed a motion for appeal.

The only question involved is whether the trial court erred in refusing to grant a new trial upon appellant's showing that his absence on the trial day was due to illness.

■ Under Criminal Code Section 184, if the indictment be for a misdemeanor, the trial may be had in the absence of the defendant. However, the defendant may not be denied the right to be present and meet the witnesses face to face unless his absence is voluntary. Kentucky Constitution Section 11. Veal v. Commonwealth, 162 Ky. 250, 172 S.W. 501; Moore v. Commonwealth, 203 Ky. 350, 262 S.W. 298; Barnett v. Russell, 299 Ky. 242, 185 S.W.2d 261.

■ The facts of this case are very similar to those in Baker v. Commonwealth, 195 Ky. 847, 243 S.W. 1049, wherein it was held that upon a showing by uncontroverted affidavit of defendant that his failure to attend trial and defend was due to illness,

it was an abuse of discretion to refuse a new trial. Appellant, in the instant case, voluntarily returned to the jurisdiction of the court from out of the state as soon as he learned of the trial which was held on the first day of the next term of the court after he was indicted. By uncontroverted affidavit and doctor's statement, it was shown that his absence from the trial was due to his illness and was not voluntary. The trial court should have sustained the motion and granted a new trial, and the failure to do so constituted an abuse of discretion.

The motion for appeal is sustained and judgment is reversed.