**James McKINNEY, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee (two cases).**

Court of Appeals of Kentucky.

Dec. 17, 1971.

Martha Jean Schecter, Drift, David H. Wilderman, Mountain People's Rights, Inc., Prestonsburg, for appellant.

John Breckinridge, Atty. Gen., David E. Murrell, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

On December 15, 1970, James McKinney was tried *in absentia* in the Floyd Circuit Court on a charge of selling alcoholic beverages in dry territory; he was found guilty by a jury and judgment was entered imposing a fine of $50 and a sentence of 45 days in jail. On January 15, 1971, McKinney moved under RCr 11.42 to vacate the judgment, asserting that he had not waived his constitutional right to be present at his trial and to confront the witnesses against him. The court entered an order overruling the motion without a hearing, from which order McKinney has moved for an appeal.

On January 12, 1971, McKinney was tried, again *in absentia*, on a charge of possessing alcoholic beverages in dry territory for the purpose of sale, second offense; he was found guilty by a jury and judgment was entered imposing a fine of $100 and a sentence of 60 days in jail. On January 18 McKinney moved for a new trial, asserting that he never received notice of the trial and that he did not

waive his right to be present at his trial and to confront the witnesses against him. The court overruled that motion, whereupon McKinney moved for an appeal from the judgment of conviction.

The two motions for appeal have been consolidated, as the grounds asserted in each are the same, to-wit, that the trials *in absentia* violated McKinney's constitutional rights and that the provision of our criminal rules, RCr 8.28, permitting trial *in absentia* of persons charged with misdemeanors, is unconstitutional.

The record shows that the trial on each charge originally was set for December 15, 1970, and that McKinney executed bond for his appearance on that date; the trial on the selling charge was held on the designated date but the trial on the possession charge was adjourned until January 12, 1971, when it was held.

McKinney contends that under the decisions in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923; and State of Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353, an accused cannot waive the right to be present during the trial of his case unless the waiver is intentional, knowing and voluntary. He further argues that the burden is on the Commonwealth to prove that there was an intentional, knowing and voluntary waiver, and that in carrying that burden no presumptions can be indulged. He maintains that the rule, RCr 8.28, permitting trial of misdemeanor prosecutions in the defendant's absence, is unconstitutional because it permits a trial without a *prior* determination that there was an intentional, knowing and voluntary waiver, and because it purports to create an arbitrary presumption of such a waiver from mere absence.

■ In the presentation of his arguments McKinney takes the position that while he may be chargeable with knowledge that the selling charge would be tried on December 15, 1970, by virtue of his execution of bond to appear on that date, he was not chargeable with knowledge that the possession charge would be tried on January 12, 1971. We think he was chargeable with knowledge that the trial of the possession charge, originally set for December 15 and for which he made bail to appear on that date, might be adjourned, and thus he must be considered to have had adequate means of information as to the actual trial date.

■ Our decisions have recognized that a defendant charged with a misdemeanor cannot be tried in his absence unless that absence is voluntary. Butcher v. Commonwealth, Ky., 276 S.W.2d 437. There is no conclusive presumption of voluntariness from the mere fact of absence; the defendant is entitled to show that his absence was not voluntary. Fleming v. Commonwealth, Ky., 280 S.W.2d 148.

■■ It may well be that the Commonwealth should have the burden of proving that the defendant's absence was intentional, knowing and voluntary and that no "presumptions" may be indulged to relieve that burden, the same as is the case with an alleged waiver of other constitutional rights. But we see no reason why *inferences* may not be utilized as is permissible in proving facts in practically every phase of the law. If, as is the case with McKinney, the Commonwealth proves that the defendant had knowledge of the trial date, and did not appear, we think an inference may be indulged that the absence was intentional, knowing and voluntary, particularly where the defendant is one with previous acquaintanceship with court procedure as a defendant on criminal prosecutions. The inference rests on probabilities growing out of normal human experience, and its use is justified by the practicalities of availability of direct proof. In normal circumstances the reason for the defendant's nonappearance, and the circumstances of it, will be peculiarly within the defendant's knowledge. Therefore,

we think it is fair to give him the burden of going forward with the proof, after the Commonwealth has shown that he had knowledge of the date of the trial and did not appear.

The situation as respects waiver of the right to be present at trial is different from that which prevails as to most other waivers of trial rights. As to most of such waivers, a prior determination of intention, knowledge and voluntariness can be made, because the defendant is present and inquiry can be made of him before the waiver is given effect. Such is the case with waiver of right to counsel or a plea of guilty. See Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. Likewise with waiver of the right to have a witness present in court. See Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923. And with waiver of the right to sit in the courtroom. See State of Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353. But when the defendant fails to appear for trial, there is no practicable way in which there can be a determination, prior to trial, of whether the absence was intentional, knowing and voluntary. We think it is proper to tailor the requirements as to proof to the realities of the situation.

■ Trial of a misdemeanor charge in the absence of the defendant is not, in itself, unconstitutional. Willock v. Commonwealth, Ky., 435 S.W.2d 771, cert. denied, 393 U.S. 1067, 89 S.Ct. 723, 21 L.Ed.2d 711.

■ McKinney, as his final contention, argues that RCr 8.28 violates the equal-protection clause of the Fourteenth Amendment to the United States Constitution in authorizing trial of misdemeanor cases *in absentia* but forbidding it in felony cases (except where the defendant absconds after the trial has begun, Helton v. Stivers, Ky., 392 S.W.2d 445). He maintains that the distinction between misdemeanor cases and felony cases is arbitrary and without a rational basis; also that the classification infringes upon fundamental rights of persons accused of misdemeanors.

■ We find no infringement upon fundamental rights of persons charged with misdemeanors because, under the rule, their trial *in absentia* will not stand unless they *waived* the right to be present. There is no deprivation as to them of any *constitutional* right afforded to persons accused of felony; the rule provides only that the latter may not waive the right.

Distinctions in the extent of allowable penalties have been recognized as a basis for classification even as to the existence of constitutional rights. See Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. If the distinction between "major" and "minor" offenses is a basis for classification as to the *existence* of constitutional rights, we think a distinction between felonies and misdemeanors is a valid basis for making a classification as to the *waiver* of a constitutional right.

Both judgments are affirmed.

All concur.