Gerald BURNS, Appellant,

v.

COMMONWEALTH of Kentucky,
Appellee.

Court of Appeals of Kentucky.

July 8, 1983.

Steven L. Beshear, Atty. Gen., Martin Glazer, Asst. Atty. Gen., Frankfort, for appellee.

Shaun W. Esposito, Deputy Appellate Defender, of the Jefferson Dist., Frank W. Heft, Jr., Jefferson Dist. Public Defender, Daniel T. Goyette, Jefferson Dist. Deputy Public Defender, Louisville, for appellant.

Before HOWARD, HOGGE and DUNN, JJ.

DUNN, Judge.

Discretionary review of this Jefferson District Court case was granted upon appellant's petition complaining of the order of the Jefferson Circuit Court affirming on appeal the final judgment of the Jefferson District Court finding the appellant, Gerald Burns, guilty in absentia of the crimes of theft by unlawful taking of property valued under $100 and resisting arrest. His punishment was fixed on both charges at a fine of $100.00 and at 90 days in jail plus court costs.

His first ground on appeal is that the trial court in trying him in his absence deprived him of his constitutional right to a fair trial absent his waiver of the right to be present. We agree.

■ RCr. 8.28(4) provides for trial in absentia of a misdemeanant. However, the constitutions of the Commonwealth and the United States provide him with protection to the extent that he can't be tried in his absence unless that absence is voluntary and therefore a waiver of his right to be present. *Ky. Const. Art. XIII, § 12* (1891); *U.S. Const. Amend. XIV; Butcher v. Commonwealth,* Ky., 276 S.W.2d 437 (1955); *McKinney v. Commonwealth,* Ky., 474 S.W.2d 384 (1971).

■ This rule is qualified in cases where the Commonwealth proves the defendant knew of the trial date, as here, and did not appear. An inference then may be indulged that the absence was intentional, knowing and voluntary and consequently waived. Then the defendant not only has the right but also the burden of going forward with proof that his absence was not intentional, knowing and voluntary, and was consequently not waived. *McKinney v. Commonwealth, supra.* But, the waiver resulting from the indulged inference can only be determined from consideration of all the circumstances that show the waiver so clear and unequivocal as to indicate conscious intent to be absent. *Powell v. Commonwealth,* Ky., 346 S.W.2d 731 (1961).

The appellant-defendant was arrested on December 31, 1981 and charged with theft by unlawful taking of property valued under $100 and with resisting arrest. His bail was set at 10% of $2500.00. He appeared in Jefferson District Court for arraignment on January 2, 1982. His trial was set for January 20, 1982 at 9 A.M., the time of court by local rule for all misdemeanor trials. His appointed counsel was present, but appellant failed to respond when the case was called. His attorney moved for a continuance, advising the court upon being questioned that he'd had no contact with appellant since December 31, 1981 and to his knowledge appellant had not tried to contact or did in fact contact him.[1]

The court then took the initiative in further inquiring if appointed counsel wished to remain on the case. Being so prompted, the appellant's attorney replied: "Your Honor, I would make a motion to—if it is not going to be continued—to withdraw as counsel. I'll try to give him effective assistance, if I can ever talk to him."

The court then overruled the motion to continue and sustained the prompted motion to withdraw. The appellant was called again and failed to respond. At 9:50 A.M. he was tried in his absence, convicted, and fined and sentenced as described above on testimony that he had taken 4 packages of cigarettes from Kroger's without paying for them and for resisting placement of hand-

---

1. We cannot ascertain from the record whether counsel was present at arraignment with appel- lant on January 2, 1982.

cuffs on him when arrested beyond the cashiers' line.

Another case was then called but was interrupted by appellant's presence being made known at 10 A.M. Query by the court elicited from him that he thought his court day was the next day, January 21; that he had written that date on a card; that he had this morning called the public defender's office and a lady told him of today's trial; that he had tried to contact his attorney and every time had been placed on hold and all of a sudden disconnected; that he'd called back and was advised the attorney was gone; and that he never did contact him.

Appellant had a young child with him and was quite upset when told he had to go to jail and pay a fine. His anxiety was caused not only by his concern for the child, but also by his concern for his innocence of wrong doing. In order to provide for the child, the court passed the case til 9 A.M. the next day on appellant's promise to return.

He kept his promise, returning the next day with his appointed counsel who asked to be reappointed. He advised the court appellant needed representation. He was reappointed and moved the court to set the judgment aside and for a new trial.

Counsel explained there could have been confusion on appellant's part concerning counsel's representation of him in another matter and that in his opinion appellant had truly been mistaken as to the trial date as evidenced by his attendance at all times including while court was still in session the day of trial. He urged appellant's good faith was affirmed by his present appearance after being convicted and sentenced in absentia.

The court, however, was adamant in relying on what it concluded was appellant's bad faith in failing to contact counsel, and overruled the motion to set aside the judgment and grant a new trial at which appellant's claimed innocence could perhaps be established. It was from this order appellant prosecuted his appeal to Circuit Court resulting in the trial court being affirmed.

We have no difficulty in concluding that the trial court abused its discretion and deprived the appellant of his right to the fair trial provided by the constitutions of this Commonwealth and the United States.

■ The first abuse occurred when the trial court suggested appointed counsel move to withdraw, then permitted his withdrawal based on defendant's absence. The court thus deprived appellant of his constitutional right to counsel when needed most at a stage where additional constitutional rights were about to be stripped from him by the same court.

■ We agree with the Commonwealth that trial of a misdemeanor in the absence of the defendant is not, in itself, unconstitutional. *Willcock v. Commonwealth,* Ky., 435 S.W.2d 771 (1968), *cert. denied 393 U.S. 1067, 89 S.Ct. 723, 21 L.Ed.2d 711* (1969). We also agree that the *McKinney v. Commonwealth, supra,* inference of waiver of the right to be present based on a defendant's knowledge of a trial date has some applicability here.

■ At arraignment the trial was set for January 20, 1982. Appellant should have known the correct date. But, *McKinney* gives him the right, and the burden, to show his absence was not intentional and, therefore, not waived. His explanation that his absence was not intentional but due to his noting the wrong date is supported by his actions. They certainly show he tried to exercise good faith in trying to meet his court responsibilities. He appeared properly at arraignment. Once he knew he was to be in Court on January 20th he came as quickly as he could. In fact he was present within 10 minutes of the beginning of his trial. Even though he knew he had to go to jail, he was present for commitment, as he promised, the day after the trial. The trial court in denying the motion relied heavily on his not contacting counsel before the 20th. His explanation in this regard on being unable to do so because of telephone connection difficulties is reasonable to those of us who have had the same

difficulty at times in attempting to contact a lawyer, or even a judge for that matter.

In view of the rule in *Powell v. Commonwealth, supra,* concerning waiver of the right to be present, the facts of appellant's absence in this case are not so clear and unequivocal as to indicate a conscious intent on his part to be absent. To paraphrase the late Justice Robert O. Lukowsky in his dissent in *Scott v. Commonwealth,* Ky., 616 S.W.2d 39 (1981), the failure of the trial judge to sustain appellant's motion for a new trial where the merits of his defenses to the charges against him could be constitutionally adjudicated, not only violates his rights protected by the constitutions of the United States and the Commonwealth, it also offends traditional notions of fair play and substantial justice. The motion should have been sustained.

In view of all the aspects of the case and its present posture, the appellant's other ground on appeal that the Commonwealth failed to prove appellant guilty beyond a reasonable doubt to any offense cannot be maintained.

The order of the Jefferson Circuit Court affirming the judgment of the Jefferson District Court is REVERSED and the judgment of the Jefferson District Court is reversed and the judgment therein convicting appellant is set aside and this case is REMANDED to the Jefferson District Court for a new trial of the charges against him.

All concur.