IN THE MATTER OF SHAWN M., a Minor, Appellant, v. THE STATE OF NEVADA, Respondent.

No. 19704

June 22, 1989                                    775 P.2d 700

---

347

*Terri Steik Roeser,* State Public Defender, *Jeffrey M. Evans,* Deputy State Public Defender, and *John C. Lambrose,* Deputy State Public Defender, Carson City, for Appellant.

*Brian McKay,* Attorney General, Carson City; *Brent T. Kolvet,* District Attorney, and *Harold Kuehn,* Deputy District Attorney, Douglas County, for Respondent.

## OPINION

*Per Curiam:*

The juvenile court found that appellant Shawn M., a minor, committed battery, and the court adjudged him a delinquent child. However, at the adjudicatory hearing, the juvenile court refused to hear Shawn's counsel in summation. On appeal, Shawn contends that he had a constitutional right to present closing argument in the juvenile proceeding. We agree.

The United States Supreme Court's seminal case on due process requirements in juvenile proceedings supports Shawn's position. In re Gault, 387 U.S. 1 (1967). The court observed that, regarding the right to counsel, no material difference exists between adult criminal proceedings and juvenile proceedings in which adjudication of delinquency is sought. *Id.* at 36. Thus, the court held that the assistance of counsel is essential for the determination of delinquency. *Id.*

Subsequently, the United States Supreme Court held that a criminal defendant has a constitutional right to present closing argument, even in a nonjury trial. Herring v. New York, 422 U.S. 853, 859 (1975). The court reasoned that the Sixth Amendment right to the assistance of counsel ensures the criminal defense "the opportunity to participate fully and fairly in the adversary factfinding process." *Id.* at 858. Since closing argument is a basic element in that process, the court concluded that

the district court has no discretion to deny the accused such right. *Id.* at 858-860.

We hold that presentation of closing argument by defense counsel based upon the evidence introduced at an adjudicatory hearing is an integral part of a juvenile's right to effective assistance of counsel. In re A. C., 357 A.2d 536, 538 (Vt. 1976); E. V. R. v. State, 342 So.2d 93, 94 (Fla.Dist.Ct.App. 1977). Summation serves to sharpen and clarify the issues, a particularly useful process in light of the complex procedures outlined in the juvenile statutes. *In re A. C.,* 357 A.2d 538. Consequently, the juvenile court had no discretion to deny Shawn's counsel the opportunity to present closing argument.

Moreover, Shawn's counsel did not waive this right. Rather, he specifically advised the court that he wished to argue self-defense. The juvenile judge responded that "he didn't need it." However, a judge's belief that he or she would not benefit from closing argument is not a constitutionally sufficient reason for denying any summation at all. *Herring,* 422 U.S. at 863. Accordingly, the juvenile court's outright refusal to hear closing argument constituted reversible error. Therefore, we reverse the district court's order and remand the case for an adjudicatory proceeding consistent with this opinion.