165 S.W.3d 480 (2005)
T.D., A Child, Appellant,
v.
COMMONWEALTH of Kentucky, Appellee. and
D.B., A Child, Appellant,
v.
Commonwealth of Kentucky, Appellee.
Nos. 2003-CA-002087-DG, 2003-CA-002088-DG.
Court of Appeals of Kentucky.
May 27, 2005.
*481 Suzanne A. Hopf, Frankfort, KY, for appellant.
Craig Cox, Campbellsville, KY, for appellees.
Before GUIDUGLI, McANULTY, and MINTON, Judges.

OPINION
McANULTY, Judge.
We granted discretionary review in these cases to consider the adjudications of the juveniles T.D. and D.B. as habitual truants in the Taylor District Court. The cases were tried separately. Both cases were initiated by the filing of a complaint by the Campbellsville Public School Director of Pupil Personnel, Mr. Paul Montgomery, alleging that the children had missed school on particular dates and were habitual truants.
In the case of T.D., the complaint alleged that he had missed thirteen days of school. At T.D.'s hearing, Mr. Montgomery stated in response to questioning that he could not remember whether he had visited T.D.'s home. He had no documentation of home visits. T.D.'s parents stated that there had never been any home visit by Mr. Montgomery. The court adjudged T.D. to be a habitual truant. It placed him on probation of the court until age 18 with the condition that he would serve one day in jail for every unexcused absence or tardy. T.D.'s case was affirmed on appeal, and he asked for discretionary review of this decision.
A second complaint alleged that D.B. had missed seven days of school. At D.B.'s hearing, Mr. Montgomery also stated that he had not documented home visits for D.B. However, he testified that he had been to D.B.'s home "many times," and the mother had never been there at the time. D.B.'s mother acknowledged talking to Mr. *482 Montgomery on the phone, and recalled having received a card at her door stating that Mr. Montgomery had been there to meet with her. D.B. was also adjudged truant and placed on probation. However, the Taylor Circuit Court reversed that finding on appeal on the ground that cumulative error in the hearing mandated reversal. D.B. asked for discretionary review for the purpose of obtaining guidance from this Court on the proper evidence and procedure for the district court to observe on remand.
T.D.'s and D.B.'s main contention on appeal is that the court designated worker should not have received the complaints because the Director of Pupil Personnel had not fulfilled the statutory prerequisites for bringing them. T.D. and D.B. cite KRS 630.060(2) for the particular duties that the Director must fulfill. That provision provides:
No complaint shall be received by the court designated worker alleging habitual truancy unless an adequate assessment of the child has been performed pursuant to KRS 159.140(1)(c), (d), and (f), unless it can be shown that the assessment could not be performed due to the child's failure to participate.
The sections of KRS 159.140 referred to in that statute state as follows:
(1) The director of pupil personnel shall:
(c) Acquaint the school with the home conditions of the student, and the home with the work and advantages of the school;
(d) Ascertain the causes of irregular attendance and truancy, and seek the elimination of these causes;
(f) Visit the homes of students who are absent from school or who are reported to be in need of books, clothing, or parental care;
T.D. and D.B. call attention to the Director's failure to ascertain causes of truancy, become acquainted with home conditions, and make home visits in their cases.
The Commonwealth responds that the statutory language above does not mandate that each duty has to be performed and documented in each and every case before the Director of Pupil Personnel can bring it before the courts. The Commonwealth argues that the duties of the Director of Pupil Personnel in KRS 159.140 are couched in terms of generalized goals. While we agree that the Director's duties in KRS 159.140 are stated in broad language, the legislature's later enactment of KRS 630.060 shows its intent to require the Director to perform those goals in a particular case before bringing a child before the court as a habitual truant. Furthermore, we believe because the language of the statute requires compliance before a complaint may be received, the legislature intended to make these requirements a matter of subject matter jurisdiction.
The Commonwealth further argues that the statute cannot require compliance with KRS 630.060 in every case due to the difficulty of the Director of Pupil Personnel to perform these duties in each and every case that goes to court. However, we only conclude from the statutes that it was the intention of the legislature to make it more rigorous to bring a juvenile into the court system. Of course, the Director of Pupil Personnel may not be able to complete home visits or ascertain the causes of truancy in some cases despite best efforts to do so. In such a case, it would become the duty of the court designated worker to review the complaint to determine whether "an adequate assessment," in the language of the statute, has been performed. Additionally, the legislature has provided that where that difficulty is due to the child's failure to participate, *483 the assessment may be abandoned once that is shown.
In T.D.'s case, we conclude from the evidence, including admissions from Mr. Montgomery, that the requirements of KRS 630.060(2) were not met prior to submission of the complaint to the court designated worker. Thus, the complaint should have been dismissed for lack of jurisdiction due to no home assessment having been conducted. D.B.'s case has already been remanded for a hearing pursuant to the direction of the Taylor Circuit Court at which the court should review whether the statutory requirements were met.
Next, T.D. and D.B. make a number of assertions of due process violations. We address these to the extent they may arise again in the district court adjudications. First, T.D. complains because he was not permitted to make a closing statement in the hearing. The district court informed T.D.'s counsel that there was no jury and it was not the court's practice to allow a closing argument in truancy cases or any other juvenile proceeding. We agree this was error.
Proceedings in juvenile courts are not criminal in nature. Locke v. Commonwealth, 503 S.W.2d 729, 731 (Ky.1973). Moreover, a juvenile who has been a habitual truant from school is considered a status offender under Chapter 630, and such behavior shall not be considered criminal or delinquent pursuant to KRS 600.020(58). A "Status offense action" is any action brought in the interest of a child who is accused of committing acts, which if committed by an adult, would not be a crime. KRS 600.020(58).
Despite the non-criminal nature of juvenile proceedings, however, the United States Supreme Court has held that:
A proceeding where the issue is whether the child will be found to be "delinquent" and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution. The juvenile needs the assistance of counsel to cope with problems of law, to make skilled inquiry into the facts, to insist upon regularity of the proceedings, and to ascertain whether he has a defense and to prepare and submit it. The child "requires the guiding hand of counsel at every step in the proceedings against him."
In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), citing Powell v. State of Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932). The Gault case reflects that where the fault of the child is at issue and penalties, including loss of liberty, may attach, criminal protections provided by the constitution apply. Id., 387 U.S. at 49, 56-57, 18 L.Ed.2d at 558, 562.
A proceeding against a child for the status offense of habitual truancy under Chapter 630 relates to the fault of the child and can result in severe consequences to that child. The consequences are probation and detention for failure to meet the attendance terms. As a result, we believe counsel for the child must be permitted to present a closing argument as part of the due process requirements in these cases. Since no Kentucky cases dealt with this issue, we also looked at cases we found from other states examining the issue of the right to make a closing statement in juvenile cases. They hold that due process and the right to effective assistance of counsel require that a juvenile be permitted to make a summation of the child's position. See E.V.R. v. State, 342 So.2d 93 (Fla.App.1977); In re William F., 11 Cal.3d 249, 113 Cal.Rptr. 170, 520 P.2d 986 (Cal.1974); Shawn M. v. State, 105 Nev. 346, 775 P.2d 700, 701 (1989).
*484 Next, D.B. complains that she was not given adequate notice of all the absences which would be offered as proof of habitual truancy at the hearing. She objects that in addition to a number of absences alleged in the complaint, the Director of Pupil Personnel at the hearing added more dates of absences or tardies allegedly incurred since the time of the complaint.
We comment only that due process requires that notice be given sufficiently in advance of scheduled court proceedings that reasonable opportunity to prepare is afforded. In re Gault, 387 U.S. at 33, 87 S.Ct. 1428, 18 L.Ed.2d at 549. In Gault, the Court observed that due process required that the child and its parents be notified, in writing, of the specific charge or factual allegations to be considered at the hearing and that such written notice be given at the earliest practicable time, and in any event sufficiently in advance of the hearing to permit preparation. Id. Under the rules of evidence in Kentucky, the complaint may be amended when additional information comes to light after the initial complaint to provide more thorough notice.
For the foregoing reasons, we vacate the order adjudging T.D. a habitual truant. D.B.'s case is remanded for another hearing pursuant to the order of the Taylor Circuit Court. We remand these cases for further proceedings consistent with this opinion.
ALL CONCUR.