241 S.W.3d 324 (2007)
COMMONWEALTH of Kentucky, Appellant
v.
B.J., A Child Under Eighteen, Appellee.
No. 2007-SC-000025-DGE.
Supreme Court of Kentucky.
December 20, 2007.
*326 Gregory D. Stumbo, Attorney General, David A. Sexton, Assistant Attorney General, Frankfort, Irvin G. Maze, Jefferson County Attorney, Louisville, KY, Counsel for Appellant.
Daniel T. Goyette, Louisville Metro Public Defender, Frank Wm. Heft, Jr., Jefferson District Public Defender, Terra Lynn Meek, Assistant Public Defender, Louisville, KY, Counsel for Appellee.
Opinion of the Court by Justice CUNNINGHAM.
Appellee B.J., a minor, was adjudicated a habitual truant by the Jefferson Family Court. The Court of Appeals vacated the order and remanded the matter, determining that the family court had violated B.J.'s constitutional rights by conducting both the adjudication and sentencing hearings in his absence. The Commonwealth sought discretionary review in this Court, which was granted. Upon review of the matter, we reverse the opinion of the Court of Appeals and reinstate the order of the Jefferson Family Court.
Jefferson County school officials initiated a petition against B.J. in family court alleging that he was a habitual truant. At an initial appearance on the matter, B.J. entered a plea of not guilty. However, neither B.J. nor his custodial parent, his mother, appeared at the subsequent adjudication hearing. B.J.'s attorney explained to the court that B.J.'s mother had informed her that he simply refused to attend the hearing.
B.J.'s counsel objected to any further action in the proceeding. Relying on RCr 8.28(1) and (4), counsel argued that the rule did not explicitly except juvenile proceedings from the requirement that the defendant be present at trial. The family court overruled the objection and proceeded with the adjudication hearing, concluding that B.J. had notice of the hearing and that the criminal rules did not apply to a status offense proceeding. The family court then heard testimony and ultimately adjudicated B.J. a habitual truant, ordering him to attend school. A disposition hearing was held approximately two months later. Again, B.J. was not present, though his mother and counsel appeared. B.J.'s attorney renewed her objection to any further action in the case in B.J.'s absence. That motion was again overruled, and B.J. was then probated to the Cabinet for Health and Family Services. B.J. sought review by the Court of Appeals, which vacated and remanded the family court's adjudication and disposition orders.
On appeal, B.J. argues that his due process rights were violated when the Jefferson Family Court conducted his adjudication and disposition hearings in his absence. Furthermore, B.J. contends that the court's action was in violation of RCr 8.28. It should be noted that B.J.'s counsel, in arguing that the family court was acting in violation of RCr 8.28, effectively invoked the application of the criminal rules to this juvenile proceeding. KRS 610.080(2).
As set forth in Section 11 of the Kentucky Constitution and the Sixth Amendment of the U.S. Constitution, a criminal defendant has the right to be present at every critical stage of the proceedings against him. See Price v. Commonwealth, 31 S.W.3d 885, 892 (Ky.2000). The right to be present is further governed by RCr 8.28, which generally provides that the defendant shall be present at every critical stage of the proceedings.
*327 However, the rule does not require the defendant's presence at every stage of the proceedings. By its own terms, the rule states that the defendant's presence is not required "in prosecutions for misdemeanors or violations." Rather, the rule permits arraignment, plea, trial and sentencing in the defendant's absence. RCr 8.28(4). Moreover, even in the case of a felony prosecution, the rule permits the trial to continue where the defendant's absence is voluntary after the trial begins. RCr 8.28(1). Subsection 1 of the rule is therefore in line with this Court's recognition that a defendant may validly waive his right to be present at the proceedings against him. Fugate v. Commonwealth, 62 S.W.3d 15, 19 (Ky.2001). See also McKinney v. Commonwealth, 474 S.W.2d 384 (Ky.1971) (finding no due process violation where defendant was tried in absentia, as defendant voluntarily remained absent from the trial). The issue in this case, then, is whether B.J.'s due process rights were violated when the family court conducted his adjudication and disposition hearings in his absence.
B.J. was brought to the family court on allegations that he was a habitual truant, which is a status offense. KRS 600.020(58); KRS 630.020(3). By its very definition, status offenses are neither criminal nor delinquent. KRS 600.020(58). However, this is not to diminish the import of the proceedings. "A proceeding against a child for the status offense of habitual truancy under Chapter 630 . . . can result in severe consequences to that child." T.D. v. Commonwealth, 165 S.W.3d 480, 483 (Ky.App.2005).
In light of these potentially severe consequences to the child, due process must be afforded, despite the non-criminal nature of juvenile proceedings. "[W]here the fault of the child is at issue and penalties, including loss of liberty, may attach, criminal protections provided by the constitution apply." Id. A juvenile enjoys all the rights afforded by the Bill of Rights. Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).
Nonetheless, not every specific constitutional guarantee afforded to adult offenders applies in juvenile proceedings. Rather, the protective purpose of juvenile proceedings sometimes requires that formal constitutional safeguards be dispensed with, so long as the purpose of juvenile proceedings remains rehabilitative and not punitive. For example, a trial by jury in the adjudicatory stage of a juvenile proceeding is not required by the Constitution, as such would thwart the confidential and non-adversarial nature of the juvenile court. McKeiver v. Pennsylvania, 403 U.S. 528, 547, 91 S.Ct. 1976, 1987, 29 L.Ed.2d 647 (1971). Rather, the U.S. Supreme Court has stated that "the applicable due process standard in juvenile proceedings . . . is fundamental fairness." McKeiver, 403 U.S. at 543, 91 S.Ct. at 1985.
Thus, we examine whether it was fundamentally unfair to conduct B.J.'s adjudication and disposition hearings in his absence. Of course, B.J. had a constitutional right to attend the hearings. Commonwealth v. M.G., 75 S.W.3d 714 (Ky.App. 2002). However, may a juvenile validly waive this right?
The U.S. Supreme Court has not squarely addressed this issue, though it has recognized a juvenile's capacity to waive important constitutional protections and rights. When made knowingly and voluntarily, a juvenile may waive his right to counsel. Application of Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967). A juvenile may waive his right to remain silent and his right to have counsel present during an interrogation. Fare v. Michael *328 C., 442 U.S. 707, 99 S.Ct. 2560, 61 L.Ed.2d 197 (1979). A juvenile may waive his right to a trial by jury. U.S. v. King, 482 F.2d 454 (6th Cir.1973) cert. denied, 414 U.S. 1076, 94 S.Ct. 594, 38 L.Ed.2d 483 (1973).
Furthermore, we note other states that recognize the juvenile's right to waive presence at important proceedings. See State v. Muhammad, 237 Kan. 850, 703 P.2d 835 (Kan.1985)(no due process violation where juvenile was absent at proceeding where juvenile jurisdiction was waived and matter transferred to adult court); J.R. v. State, 953 So.2d 690, 691 (Fla.Dist. Ct.App.2007) (juvenile may waive right to be present at arraignment); In Re Mabelin F., 28 A.D.3d 384, 813 N.Y.S.2d 427 (N.Y.App.Div.2006) (no due process violation where juvenile waived right to be present during medical testimony concerning death of her newborn child). In fact, the Kentucky Court of Appeals seems to have recognized the capacity of a juvenile to waive his or her right to be present at a critical stage of the proceedings. In Commonwealth v. M.G., the court excluded two juvenile offenders from the courtroom during the testimony of their alleged victim. In finding a violation of the juveniles' due process rights, the Court of Appeals noted that there was not "any suggestion that the juveniles themselves expressed a conscious intent to relinquish their right to be present when the Commonwealth's principal witness testified." M.G., 75 S.W.3d at 721.
In light of the other constitutional rights that a juvenile may waive, we find no reason that a juvenile should not be permitted to waive his right to be present at a critical stage of the proceedings. Where a juvenile makes such a waiver knowingly, voluntarily and intelligently, the "basic requirements of due process and fairness" required of juvenile proceedings are satisfied. Kent v. United States, 383 U.S. 541, 553, 86 S.Ct. 1045, 1053, 16 L.Ed.2d 84 (1966).
Here, the trial court heard lengthy arguments from counsel concerning Appellant's failure to appear at the hearings, and whether his absence prohibited further proceedings. "[A]lthough the [C]ommonwealth has the burden of proving that a defendant's absence from trial was intentional, knowing, and voluntary, it may be inferred that a defendant's absence met this standard where it is shown that such defendant had knowledge of the trial date and failed to appear." Donta v. Commonwealth, 858 S.W.2d 719, 722 (Ky.App. 1993) (upholding trial court's conclusion that defendant validly waived his right to appear at his trial for a misdemeanor offense). At his arraignment, B.J. was informed of his future court dates. Likewise, B.J.'s mother made representations to counsel that B.J. was aware of the hearing and chose not to attend. In determining that the child willingly avoided his court date, the family court surely took into consideration the fact that B.J. had not attended school one single day as of the November 2nd adjudication hearing. See McKinney, 474 S.W.2d at 387 (in determining whether an absence was voluntary, "it is proper to tailor the requirements as to proof to the realities of the situation"). No evidence was presented that B.J.'s absence was involuntary. While the trial court could have been more specific in its findings  a practice we encourage  it is clear from the record that the trial court considered counsels' arguments concerning waiver, and concluded that Appellant had waived his right to be present at the hearings. Under the circumstances as presented to the family court, it did not abuse its discretion in concluding that B.J. validly waived his right to appear at both his adjudication and disposition hearings.
*329 The opinion of the Court of Appeals is reversed and the order of the Jefferson Family Court is hereby reinstated.
LAMBERT, CJ.; ABRAMSON, NOBLE, SCHRODER, and SCOTT, JJ., concur.
MINTON, J., dissents by separate opinion.
Dissenting Opinion by Justice MINTON.
Although I agree with much of the reasoning of the majority, I respectfully disagree with the majority's ultimate conclusion that because the adults present agreed among themselves that B.J. had notice, B.J. necessarily had waived his right to be present. The plain language of RCr 8.28 requires that the defendant be present for critical stages in all cases, except those specifically enumerated exceptions. So I could not accept the argument that a defendant's lack of attendance inevitably constitutes a waiver of the defendant's right to be present for the proceeding.
In any case, waiver was never properly established in this case. Apparently, B.J.'s mother told the attorneys that B.J. knew about the hearing but refused to come. But the mother was not even present at the hearing. Even so, B.J.'s mother could not waive his rights for him. KRS 600.010(2)(g). And B.J.'s counsel stated that "we" (meaning, presumably, the defense team) had not spoken with him. In other words, there was no information presented to the family court showing that B.J. was aware of the proceedings and was physically and mentally able to attend the proceedings, yet, chose to stay away. In fact, the trial court did not explicitly find that B.J. had waived his right to be present but, rather, stated that B.J. had notice and that the hearing could proceed in his absence. Rather than finding a waiver, the family court really moved forward against the absent B.J. simply because it believed, erroneously, that the Rules of Criminal Procedure were inapplicable to all status offense proceedings.
Because trial was not to commence without B.J.'s presence after his invocation of RCr 8.28 and because there was no showing of waiver, the family court erred in conducting the adjudication and disposition hearings in B.J.'s absence. I would affirm the Court of Appeals decision vacating the adjudication and disposition orders and remand this case to the family court for further proceedings that conform to RCr 8.28.