**S.B., a child under eighteen, Appellant**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2012–CA–000868–ME.

Court of Appeals of Kentucky.

April 5, 2013.

Renee VandenWallBake, Assistant Public Advocate, Frankfort, KY, for appellant.

Candice Jo Hobbs, Assistant Shelby County Attorney, Shelbyville, KY, for appellee.

Before KELLER,[1] STUMBO and THOMPSON, Judges.

## OPINION

STUMBO, Judge:

S.B. (hereinafter referred to as "Child")[2] appeals from the judgment finding her to be a habitual truant. We find that the trial court did not have subject matter jurisdiction over Child and vacate the judgment.

Child was fifteen years old when a petition alleging the status offense charge of habitual truancy was filed against her. Child was alleged to be a habitual truant because she had at least six unexcused absences from school in a one-year period. Kentucky Revised Statutes (KRS) 159.150. Multiple hearings were conducted and Child was ultimately adjudged to be a habitual truant. Further facts are not necessary because our opinion does not turn on the facts of the case; rather, it is disposed of due to a matter of law.

"No complaint shall be received by the court designated worker alleging habitual truancy unless an adequate assessment of the child has been performed pursuant to KRS 159.140(1)(c), (d), and (f), unless it can be shown that the assessment could not be performed due to the child's failure to participate." KRS 630.060(2). KRS 159.140(1) states in relevant part that:

The director of pupil personnel, or an assistant appointed under KRS 159.080, shall:

(c) Acquaint the school with the home conditions of a habitual truant as described in KRS 159.150(3), and the home with the work and advantages of the school;

(d) Ascertain the causes of irregular attendance and truancy, through documented contact with the custodian of the student, and seek the elimination of these causes; . . . .

(f) Attempt to visit the homes of students who are reported to be in need of books, clothing, or parental care[.]

Additionally, KRS 159.140(3) states that "[i]n any action brought to enforce compulsory attendance laws, the director of pupil personnel or an assistant shall document the home conditions of the student and the intervention strategies attempted."

KRS 630.060(2) requires that the duties of the director of pupil personnel, or an assistant, set forth in KRS 159.140(1) be performed prior to filing a complaint or petition alleging habitual truancy. These requirements are a matter of subject matter jurisdiction. *B.H. v. Commonwealth,* 329 S.W.3d 360 (Ky.App.2010); *N.K. v. Commonwealth,* 324 S.W.3d 438 (Ky.App.

---

1. Judge Michelle M. Keller concurred in this opinion prior to her appointment to the Kentucky Supreme Court. Release of this opinion was delayed by administrative handling.

2. This case involves a minor child; therefore, we will not use her real name.

2010); *T.D. v. Commonwealth*, 165 S.W.3d 480 (Ky.App.2005). The Administrative Office of the Courts has a form entitled "Affidavit and Truancy Evaluation Form." This form has spaces that can be filled in detailing how these requirements have been met. Alternatively, the unpublished case of *M.G. v. Commonwealth*, 2008 WL 4683239 (Ky.App.2008)(2008–CA–000173–ME), states that the Commonwealth can show these requirements were met at a hearing.

██ In the case at hand, an Affidavit and Truancy Evaluation Form was attached to the petition alleging Child was a habitual truant; however, the form is virtually blank. The only information listed which even remotely resembles the requirements of KRS 159.140 states that Child's mother was sent three letters indicating Child was missing school. At one of the hearings in this case, the director of pupil personnel testified. He stated that he did not perform any home visits prior to filing the petition alleging habitual truancy. He testified that his assistant did perform some home visits, but did not state what his assistant's findings were. The director's assistant did not testify and no documentation was entered into evidence to show that a home visit was made prior to filing the petition, what was found during such a visit, or that contact with Child's parents was attempted.

> [W]e ... conclude from the statutes that it was the intention of the legislature to make it more rigorous to bring a juvenile into the court system. Of course, the Director of Pupil Personnel may not be able to complete home visits or ascertain the causes of truancy in some cases despite best efforts to do so. In such a case, it would become the duty of the court designated worker to review the complaint to determine whether "an adequate assessment," in the language of the statute, has been performed. Additionally, the legislature has provided that where that difficulty is due to the child's failure to participate, the assessment may be abandoned once that is shown.

*T.D.* at 482–483. In the case at hand, there was no evidence presented in the petition of habitual truancy nor at the hearings held that show the requirements of KRS 159.140(1)(c), (d), and (f) were satisfied. Nor was there any evidence that home visits or contact with Child's parents was attempted but failed. There was no evidence that the child failed to participate that would excuse the failure of proof. The petition should have been dismissed for lack of jurisdiction.

For the foregoing reasons we vacate the order adjudging Child to be a habitual truant.

ALL CONCUR.