David, J., dissenting.
While I appreciate Justice Slaughter's thoughtful majority opinion, I must respectfully dissent. First, as a threshold matter, I would find that R.R. does have a constitutional right to be present at the fact-finding hearing. Second, I believe that despite the juvenile waiver of rights statute, R.R. waived his right to be present at the fact-finding hearing under the facts and circumstances of this case.
As the State observes, the plain language of the statute contemplates that the juvenile will be present to waive or not waive as the case may be, and does not address a situation where the juvenile has run away or disappeared. As the U.S. Supreme court has held: "the applicable due *1044 process standard in juvenile proceedings...is fundamental fairness." McKeiver v. Pennsylvania, 403 U.S. 528, 543, 91 S.Ct. 1976, 1985, 29 L.Ed.2d 647 (1971). Here, I believe the facts that R.R. had presumably run away, there is a pickup order for him, he is close to 18 and has great familiarity with the system make it a just outcome that hearing be held in his absence.
Further, at least one other jurisdiction recognizes a juvenile's right (without an attorney or parent joining the waiver and without emancipation) to waive his or her presence at important proceedings. See Com. v. B.J., 241 S.W.3d 324, 328 (Ky. 2007) (Juvenile, who was brought to family court on allegations that he was a habitual truant, validly waived his right to appear at both his adjudication and disposition hearings; juvenile, at his arraignment, was informed of his future court dates, juvenile's mother made representations to counsel that juvenile was aware of hearing and chose not to attend, and no evidence was presented that juvenile's absence was involuntary).
I urge our legislature to consider amending the statute to give trial court judges some discretion in situations where the juvenile is absent. That is, the statute should allow for knowing, intelligent and voluntary waiver by a juvenile who is aware of upcoming proceedings but chooses to be absent with no adequate explanation. This is not to say that holding a hearing in the juvenile's absence would be best practice or even not unusual. The best practice would be to issue a pickup order and have the juvenile be present for the proceedings, but in some circumstances, it may be appropriate to hold a hearing in the juvenile's absence in order to prevent juveniles who are aware of an upcoming hearing date to get a free pass by disappearing. Our trial judges should be able to advise a juvenile that if they fail to appear at a hearing, the matter may proceed without them. Then, depending on the age of the juvenile and the circumstances, the trial court should be able to exercise its discretion about whether or not to proceed. In this case, I believe holding the hearing in R.R.'s absence comported with due process. Accordingly, I would affirm the trial court.
Rush, C.J., joins in part and Massa, J., joins in part.