NICKELL, JUDGE:
C.F., a minor, appeals from the dispositional order of the Jefferson Circuit Court, Family Division, entered on February 22, 2018, committing him to the Cabinet for Health and Family Services ("Cabinet"). C.F. argues the trial court violated his due process right to a dispositional hearing. After a careful review, we agree, reverse the trial court's order, and remand this matter for further proceedings.
The Jefferson County Attorney filed a juvenile petition alleging C.F. was habitually truant. At arraignment, C.F. was appointed counsel from the Louisville Metro Public Defender's Office (LMPD). Thereafter, C.F. entered an admission to the charge, and the matter was scheduled for disposition. The trial court continued the hearing due to the Cabinet's failure to complete the required dispositional report. KRS 2 610.110. It was noted during these hearings C.F. continued to have unexcused absences and behavioral issues and he had been discharged from Crossroads-where he had been receiving services-for non-compliance. C.F. was ordered to attend services at Centerstone, which was to report to the trial court the status of those services at the next hearing.
On February 22, 2018, at the third scheduled dispositional hearing, the recommendation from the County Attorney, the Cabinet worker, and LMPD was to again continue the matter. The basis for the recommendation was the recent assignment of a new Cabinet worker who admitted she did not really know the family or all the details of C.F.'s case. Additionally, the Cabinet worker indicated she wanted to see the result of an upcoming domestic violence action involving C.F.'s parents as she believed it would affect the family.
During the proceedings, the trial court questioned C.F., his mother, and the Cabinet worker about C.F.'s continued unexcused absences and suspensions, being bullied, and whether he was attending required appointments with Centerstone. No sworn testimony was taken and the parties were not given the opportunity to present any evidence or cross-examine witnesses.
Ultimately, the trial court rejected the recommendation to continue the proceedings and committed C.F. to the Cabinet for one year. When LMPD attempted to address the trial court, the Judge interrupted stating she was done and the child was being committed. C.F., through counsel, objected and requested a hearing. The trial court did not rule on the objection, but *530 ended the proceedings and entered a Juvenile Status Offender Order committing C.F. Separate findings of fact and conclusions of law were subsequently entered. This appeal followed.
C.F. argues he was denied due process of law when the trial court: 1) denied him a formal dispositional hearing, and 2) proceeded with the hearing despite the Cabinet not having completed an adequate investigation or provided a suitable and timely report. The Commonwealth concedes the dispositional hearing was statutorily deficient.
C.F.'s first assignment of error was preserved by timely objection. As C.F.'s claim of deprivation of due process is a constitutional error, we review the record to determine if the alleged error occurred and, if so, whether it is harmless beyond a reasonable doubt. Ordway v. Commonwealth , 391 S.W.3d 762, 774 (Ky. 2013) ; Commonwealth v. M.G. , 75 S.W.3d 714, 719 (Ky. App. 2002). C.F.'s second assignment of error was not preserved; however, as the first claim is dispositive of this case, we will not address it further.
Habitual truancy is a status offense which, by its express statutory definition, is neither criminal nor delinquent. KRS 600.020(64). However, this Court has held, "where the fault of the child is at issue and penalties, including loss of liberty, may attach, criminal protections provided by the constitution apply." T.D. v. Commonwealth , 165 S.W.3d 480, 483 (Ky. App. 2005). This includes the constitutional right to due process. Commonwealth v. B.J. , 241 S.W.3d 324 (Ky. 2007). This Court has found habitual truancy triggers the right to due process. T.D. , 165 S.W.3d at 483. Therefore, C.F. was entitled to due process during his juvenile court proceedings.
The question of what constitutes sufficient due process for a status offender dispositional hearing has never been directly addressed by Kentucky courts. However, a basic tenet of due process is each party must be permitted the opportunity to present and controvert evidence. See Commonwealth v. Jeffries , 95 S.W.3d 60, 63 (Ky. 2002) (youthful offender entitled "to receive a meaningful, fair, and equitable opportunity ... to controvert evidence presented against him [and] present evidence in mitigation of punishment. Due process demands no less."). Furthermore, KRS 630.120(3) expressly provides that at disposition of a status offender the court may rely on oral and written reports "provided that the child, the child's parents, their counsel, the prosecuting attorney, the child's counsel, or other interested parties as determined by the judge shall be afforded an opportunity to examine and controvert the reports. " (Emphasis added; see also KRS 610.110 (2) ).
Here, as the record demonstrates, and the Commonwealth concedes, C.F. was not afforded a dispositional hearing comporting with the statutory dictates of KRS 630.120(3) or with his due process right to a meaningful and fair proceeding. Certainly, there is evidence C.F. is continuing the conduct which caused initiation of this action and commitment may be the only means to adequately address his needs. However, this Court cannot say it was harmless beyond a reasonable doubt to deny C.F. the opportunity to controvert this conclusion, especially in light of C.F.'s request for a hearing.
The trial court's dispositional order is reversed, and the matter is remanded for a new dispositional hearing.
ALL CONCUR.